# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**RAYMOND G. POZOIC,**           :

   **Plaintiff**                    :   **CIVIL ACTION NO. 3:11-1357**

   **v.**                           :      **(NEALON, D.J.)**
                                                      **(MANNION, M.J.)**

**CUMBERLAND COUNTY PRISON,**    :
**CUMBERLAND COUNTY**
**COMMISSIONERS, WARDEN**        :
**RIETZ, SGT. MIKE EICKOFF,**
**NANCY SNYDER, AND OFFICER**    :
**DURKIN,**
                                 :
   **Defendants**
                                 :

## REPORT AND RECOMMENDATION

On July 21, 2011, the plaintiff, an inmate at the Cumberland County Prison, Carlisle, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). An application to proceed *in forma pauperis*, (Doc. No. 5), and prisoner authorization, (Doc. No. 6), were filed by the plaintiff on August 25, 2011. As a result a financial administrative order was sent to the Superintendent/Warden of the Cumberland County Prison. (Doc. No. 7).

On October 31, 2011, after reviewing the plaintiff's complaint, this court issued an order directing the plaintiff to file an amended complaint. (Doc. No. 11).

On November 14, 2011 the court received "returned mail" marked as

"undeliverable". (Doc. No. 12). On that same day the clerk re-mailed a copy of the order to the plaintiff.

To date, the plaintiff has failed to file an amended complaint or communicate with the court. His failure to file an amended complaint constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed.R.Civ.P. 41(b), which states in pertinent part:

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in Link v. Wabash R.R., where the plaintiff argued that F.R.C.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

Kenney v. Cal. Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967) (quoting *Link v. Wabash R.R.. Co.*, 370 U.S. 626, 630-31 (1962)).

In the instant action, the court can not properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff

2

fails to comply with orders issued by this court.  Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

Finally, since the plaintiff has failed to file an amended complaint, and has made no contact with the court, it justifies dismissal of this action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the instant action be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b).


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: December 15, 2011**

O:\shared\REPORTS\2011 Reports\11-1357-01.wpd