IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND G. POZOIC, :
      Plaintiff :
       : CIVIL NO. 3:11-CV-1357
v. :
       : (JUDGE NEALON)
CUMBERLAND COUNTY PRISON, et al., : (MAGISTRATE JUDGE MANNION)
      Defendants :

**MEMORANDUM and ORDER**

**Background**

On July 21, 2011, Plaintiff Raymond Pozoic, then confined at the Cumberland County Prison in Carlisle, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleged that a fellow inmate, who shared the same religious views, offered to give him $500.00 to post bail, but Defendant Sergeant Mike Eickoff[1] refused to allow it and issued Plaintiff a misconduct for extortion. (Id.). On September 13, 2011, Plaintiff filed a motion for contempt alleging that Defendants wrongly deposited a money order payable to Plaintiff in another inmate's account, refused to accept a cash deposit to his prison account, and refused to pay the Court or credit funds to Plaintiff. (Docs. 8-9). On September 20, 2011, Plaintiff filed an injunction against the Cumberland County Prison to "stop allowing inmates to rule over other inmates". (Doc. 10). On October 31, 2011, Magistrate Judge Malachy E. Mannion issued an Order explaining the deficiencies in Plaintiff's complaint and directing him to file an amended complaint on or before November 17, 2011. (Doc. 11) (citing Wilson v.

---

[1] The Complaint incorrectly spells Defendant Mike Eickhoff's name as "Eickoff" therefore the docket is also incorrect. See (Doc. 1). To avoid confusion, this Memorandum will use the spelling as it appears on the docket.

1

Bufalino, 2007 U.S. Dist. LEXIS 77765 (M.D. Pa. 2007) (Kosik, J.)). The Order warned: "Should the plaintiff fail to file his amended complaint within the required time period, or fail to follow the above mentioned procedures, a recommendation will be made to dismiss this action." (Doc. 11). A copy of the Order was mailed to Plaintiff at the Cumberland County Prison, but returned marked undeliverable. (Doc. 12). It was resent on November 14, 2011, and not returned to this Court. Nevertheless, Plaintiff failed to file an amended complaint.

On December 15, 2011, Magistrate Judge Mannion issued a Report and Recommendation ("R&R") recommending that the action be dismissed for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 13). The Report explains that Plaintiff failed to file an amended complaint as directed or to request an extension of time. (Id. at p. 2). The R&R cites Rule 41(b) of the Federal Rules of Civil Procedure, which states:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

(Id. at p. 2). The Magistrate Judge quotes the Third Circuit Court of Appeals' decision in Kenney, which held that the "authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (Id. at p. 2), quoting Kenney v. California Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967) (citing Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)). Magistrate Judge Mannion determines that the Court cannot control the docket, move the action

forward, and protect the rights of all parties if Plaintiff fails to comply with Court orders. (Id. at pp. 2-3). Additionally, the R&R states that such conduct should not be condoned in light of the Court's extensive prisoner caseload. (Id. at p. 3). The Magistrate Judge concludes that because Plaintiff failed to file an amended complaint and made no contact whatsoever, the action should be dismissed. (Id.). A copy of the R&R was mailed to Plaintiff, but no objections have been filed. For the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

When determining whether to dismiss an action for a plaintiff's failure to prosecute under

3

Rule 41(b), the district court must balance the six (6) factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868.[2]

Here, after balancing of the Poulis factors, this Court will adopt the R&R and dismiss the Complaint. See Funk v. Detective's Dep't, 2011 U.S. Dist. LEXIS 130306 (M.D. Pa. 2011) (Nealon, J.) (dismissing the complaint under Rule 41(b) for the plaintiff's failure to file an amended complaint as directed); Binsack v. Lackawanna County Dist., 2011 U.S. Dist. LEXIS 134245 (M.D. Pa. 2011) (Caputo, J.) (dismissing the complaint pursuant to Rule 41(b) and M.D. Pa. Local Rule 83.3.1 for failure to prosecute).

As to the first factor, it is Plaintiff's sole responsibility to comply with Court orders. See Gilyard v. Dauphin County Work Release, 2010 U.S. Dist. LEXIS 128400, *3-4 (M.D. Pa. 2010) (Conner, J.) ("A pro se plaintiff is responsible for his failure to comply with a court's orders. Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002)."); Winston v. Lindsey, 2011 U.S. Dist. LEXIS 137022, *6 (W.D. Pa. 2011) (concluding that a pro se litigant "bears all of the responsibility for any failure to prosecute his claims"). Magistrate Judge Mannion specifically warned Plaintiff that his failure to timely file an amended complaint would result in a recommendation that the action be dismissed and there is no evidence that this Order was not

---

[2] Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988).

received after it was resent on November 14, 2011. This factor therefore weighs in favor of dismissal.

Second, this Court does not find that Defendants have been prejudiced because they have not yet been served.

Regarding the third factor, a history of dilatoriness, Plaintiff not only failed to file an amended complaint as directed; but, his failure to respond to the R&R also shows an intent not to continue with this litigation. See Purveegiin v. Gonzalez, 2009 U.S. Dist. LEXIS 34550, *4 (M.D. Pa. 2009) (Vanaskie, J.) (concluding that "the prolonged failure of Purveegiin to either submit a proposed amended complaint or make any filings whatsoever ... supports a finding of dilatoriness and wilful conduct").

This Court finds that the fourth factor, whether Plaintiff's conduct was willful or in bad faith, also weighs in favor of dismissal. There is nothing in the record to show that Plaintiffs' failure to comply with the Court's Order was the result of any "excusable neglect." See Blount v. Folino, 2011 U.S. Dist. LEXIS 82875, *6 (W.D. Pa. 2011). Rather, Plaintiff's failure to abide by the Court's Order "demonstrate[s] a willful disregard for procedural rules and court directives." Gilyard, 2010 U.S. Dist. LEXIS 128400 at *5-6; see also Purveegiin, 2009 U.S. Dist. LEXIS 34550 at *4.

Fifth, "other sanctions are not a viable alternative since this action cannot proceed without the submission of a proper amended complaint." Purveegiin, 2009 U.S. Dist. LEXIS 34550 at *4. Further, "[a]lternative sanctions, such as monetary penalties, are inappropriate with indigent parties." Winston, 2011 U.S. Dist. LEXIS 137022 at *6; Gilyard, 2010 U.S. Dist. LEXIS 128400 at *6.

Regarding the sixth factor, Magistrate Judge Mannion previously determined that the only viable claim is against Defendant Eickoff and that there are insufficient allegations "to state a claim with respect to the remaining [five] defendants." (Doc. 11). Additionally, this Court finds that there is no evidence establishing that Defendant Eickoff issued the misconduct for discriminatory reasons. See (Doc. 1, p. 6) (Defendant Eickoff's incident report states that he issued the misconduct because he believed Plaintiff was attempting to con the fellow inmate). Although the complaint might survive the motion to dismiss stage, at this time the Court cannot say that it would be successful on the merits. Further, Plaintiff failed to exhaust administrative remedies before bringing this claim. See Porter v. Nussle, 534 U.S. 516, 524 (2002) (stating that exhaustion is mandatory). The Complaint was filed only a few days after the misconduct was issued and Plaintiff could not have fully exhausted grievance procedures in that time. See Smith v. Pa. Dep't of Corr., 2011 U.S. Dist. LEXIS 113542, *28 (W.D. Pa. 2011) ("Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies.").

After balancing all the Poulis factors, this Court will adopt the R&R. The Complaint will be dismissed pursuant to Rule 41(b) for Plaintiff's failure to prosecute.

                                                                  */s/*

**United States District Judge**

Date: January 13, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND G. POZOIC, :
    Plaintiff :
: CIVIL NO. 3:11-CV-1357
v. :
: (JUDGE NEALON)
CUMBERLAND COUNTY PRISON, et al., : (MAGISTRATE JUDGE MANNION)
    Defendants :

## ORDER

NOW, THIS 13th DAY OF JANUARY, 2012, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 13) is **ADOPTED**;

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b);

3. The motion for contempt (Doc. 8) is **DENIED as moot**;

4. The Clerk of Courts is directed to **CLOSE** this case; and

5. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

_____
**United States District Judge**